[No. D050824. Fourth Dist., Div. One. Dec. 7, 2007.]

In re V.F. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
SCOTT F., Defendant and Appellant.

COUNSEL

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, Gary C. Seiser and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Carl Fabian, under appointment by the Court of Appeal, for Minors.

OPINION

**IRION, J.**—Scott F. appeals orders of the juvenile court under Welfare and Institutions Code section 361, subdivision (c)(1).[1] Scott contends the court erred when it removed his children from his custody at the disposition hearing without considering whether he could make appropriate arrangements for the children's care while incarcerated.

We conclude when a noncustodial parent is incarcerated, the court must proceed under section 361.2 to determine whether the incarcerated parent

---

[1] Unless otherwise specified, statutory references are to the Welfare and Institutions Code.

desires to assume custody of the child. Unlike section 361.5, section 361.2 does not distinguish between an offending and nonoffending parent, and the court applies section 361.2 without regard to the characterization of the parent as offending or nonoffending. If a noncustodial, incarcerated parent seeks custody of the child, the court must determine whether placement with that parent would be detrimental to the child's safety, protection, or physical or emotional well-being. (§ 361.2, subd. (a).) Among the factors in determing detriment are the noncustodial, incarcerated parent's ability to make appropriate arrangements for the care of the child and the length of that parent's incarceration. (*In re S.D.* (2002) 99 Cal.App.4th 1068, 1077 [121 Cal.Rptr.3d 518], *In re Isayah C.* (2004) 118 Cal.App.4th 684, 700 [13 Cal.Rptr.3d 198] (*Isayah C.*).)

Although this record may support a finding that placement with the noncustodial, incarcerated father would be detrimental to the children, we decline to make implied findings where the trial court has not considered the appropriate statutory provision. (*In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1824 [46 Cal.Rptr.2d 198] (*Marquis D.*).) Instead, we reverse the dispositional orders as to Scott and remand the case to the trial court to consider and make proper findings under section 361.2, subdivision (a). (*Marquis D.*, at p. 1830.)

I

FACTUAL AND PROCEDURAL BACKGROUND

Scott is the presumed father of V.F., U.F., and O.F., and alleged father of M.F. (together, children).[2] On January 26, 2007, the San Diego County Health and Human Services Agency (Agency) filed petitions on behalf of the children, who were then seven, five, two and one years old. The petitions alleged the children had suffered, or there was a substantial risk they would suffer, serious physical harm or illness as a result of their mother's long history of child neglect and methamphetamine abuse. (§ 300, subd. (b).) The Agency also filed petitions alleging Scott and the children's mother were incarcerated and unable to arrange adequate care for the children. (§ 300, subd. (g).)

Scott started using methamphetamine at age 15 and struggled with addiction throughout his adult life. His criminal record dated to March 1998, when he was 19 years old. He had been convicted on charges of petty theft with a prior offense, burglary and brandishing a weapon, and served jail time in 2001, 2002 and early spring 2004. Scott was incarcerated in May 2004, and sentenced to 13 years' incarceration on convictions that included robbery with the personal use of a firearm and possession of a firearm by a felon.

---

[2] The children's mother does not appeal and is mentioned only when relevant to the issues raised in this appeal.

At the jurisdiction hearing on April 27, 2007, the court admitted the Agency's reports into evidence. Scott did not cross-examine the social worker or present affirmative evidence. The court granted the Agency's motion to dismiss the allegations of the petition filed under section 300, subdivision (g) because the children's mother was no longer incarcerated. The court sustained the petitions under section 300, subdivision (b).

At the disposition hearing, Scott contested the Agency's recommendation to deny reunification services to him. The social worker testified the recommendation was based on the length of Scott's incarceration, his extensive criminal history, his use of a weapon to commit a crime, his failure to complete and return a prison packet to the social worker and his lack of relationships with the three youngest children. The Agency initiated procedures to place the children with a relative who lived out of state.

The court removed the children from parental custody under section 361, subdivision (c), and placed the children in foster care.[3] The court offered a plan of reunification services to the children's mother, and denied Scott reunification services under section 361.5, subdivisions (b)(12) and (e)(1).

II

DISCUSSION

A. *Introduction*

Scott contends the court erred when it removed the children from his custody under section 361, subdivision (c). He argues because jurisdiction was based only on the conduct of the children's mother, he should have been treated as a nonoffending parent and allowed to retain custody of the children under section 361, subdivision (c)(1). Scott also contends the court erroneously removed the children from his custody without a showing, by clear and convincing evidence, that he was unable to arrange for the children's care while he was incarcerated. (§ 361, subd. (c)(5).)

The Agency contends Scott forfeited the right to claim error as a ground for reversal because he did not specifically assert at trial that he was entitled to retain custody of the children under section 361, subdivision (c)(1) or (5), or that the court was required to make findings under section 361.2. On the merits, the Agency objects to Scott's characterization of himself as a nonoffending parent and argues section 361, subdivision (c) does not apply.

---

[3] Minors' counsel informs us the children were placed with the out-of-state relative in June 2007.

Instead, the Agency maintains that section 361.2 governs the court's determination whether there is sufficient detriment to conclude that placement with the noncustodial parent would be detrimental to the child. The Agency acknowledges the court did not proceed under section 361.2, subdivision (a), but argues the court did not err because Scott did not request custody of his children. Alternatively, the Agency argues evidence of detriment to the children is clear, and any necessary findings under section 361.2 may be implied from the record.

In response, Scott contends the issue before this court is whether section 361, subdivision (c)(1) was properly applied. He argues the question is an issue of law that is not forfeited on appeal. Scott posits the court could not order the children's removal from his physical custody under section 361, subdivision (c), and argues the court erred when it did not proceed under section 361.2, subdivision (a). Scott contends he informed the court he was able to make suitable arrangements for the care of his children during his incarceration, and asserts this statement was the "functional equivalent" of a request for custody. Finally, Scott asserts this court cannot imply a finding of detriment under section 361.2, subdivision (a) on review. He maintains there is no evidence to support a finding that placement in his care would be detrimental to the children.

## B. *Forfeiture*

We conclude Scott has not forfeited appellate review as to whether the court properly applied section 361, subdivision (c)(1). "As a general rule, a new theory may not be presented for the first time on appeal unless it raises only a question of law and can be decided based on undisputed facts." (*Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 983 [105 Cal.Rptr.2d 88]; see *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 195 [96 Cal.Rptr.2d 463, 999 P.2d 686].) When the facts are not disputed, the effect or legal significance of those facts is a question of law. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960] (*Ghirardo*).) A question of law is not automatically subject to the doctrine of forfeiture. (*People v. Butler* (1980) 105 Cal.App.3d 585, 588 [164 Cal.Rptr. 475]; *Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].)

We review applicable legal principles de novo, but apply a deferential standard of review to the court's exercise of discretion and resolution of disputed facts. (*Ghirardo, supra,* 8 Cal.4th at pp. 800–801.)

C. *When the Court Removes a Child from a Custodial Parent Under Section 361, It Must First Make Determinations Concerning the Noncustodial Parent Under Section 361.2*

■ The dependency statutory framework distinguishes between a parent with whom the child was residing at the time the section 300 petition was initiated (custodial parent), and a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the provisions of section 300 (noncustodial parent).[4] (§§ 361, subd. (c), 361.2, subd. (a).) Section 361, subdivision (c) governs the child's removal from the physical custody of a parent.[5] " 'It does not, by its terms, encompass the situation of the noncustodial parent.' " (*R.S. v. Superior Court, supra*, 154 Cal.App.4th at p. 1270.) Unlike section 361.5, section 361.2 is not a removal statute. (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1422 [132 Cal.Rptr.2d 907].) Rather, section 361.2 governs the child's temporary placement with the noncustodial parent and the provision of reunification services to the parents, and also permits the court to grant legal and physical custody of the child to the noncustodial parent. (§ 361.2, subds. (a), (b); see *R.S. v. Superior Court, supra*, at p. 1270.)

Here, the court ordered the removal of the children from the custody of both parents under section 361, subdivision (c) without considering whether the children resided with both parents at the time the petition was initiated.

---

[4] In a few decisions, reviewing courts have used the phrase "nonoffending noncustodial parent" as shorthand for "a parent . . . with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300." (§ 361.2, subd. (a); see, e.g., *In re Joshua G.* (2005) 129 Cal.App.4th 189, 202 [28 Cal.Rptr.3d 213] (*Joshua G.*); *In re Austin P.* (2004) 118 Cal.App.4th 1124, 1129 [13 Cal.Rptr.3d 616] (*Austin P.*).) Although the phrase "nonoffending parent" appears in section 361, subdivision (c)(1), it does not appear in the text of section 361.2. We believe the better shorthand phrase is simply "noncustodial parent." (See *R.S. v. Superior Court* (2007) 154 Cal.App.4th 1262, 1270–1271 [65 Cal.Rptr.3d 444].)

[5] Section 361, subdivision (c) provides that a child may not be removed from the parent's physical custody during dependency proceedings, except for a temporary detention period, unless clear and convincing evidence supports a ground for removal specified by the Legislature. Removal on any ground not involving parental consent, abandonment or institutionalization requires a finding, by clear and convincing evidence, there is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the child if the child were returned home, and there are no reasonable means of protecting the child without depriving the parent of custody. (*Ibid.*; *In re Henry V.* (2004) 119 Cal.App.4th 522, 525 [14 Cal.Rptr.3d 496]; see *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 253 [19 Cal.Rptr.2d 698, 851 P.2d 1307].) A nonoffending parent may be allowed to retain physical custody of the child if he or she presents an acceptable safety plan to the court. (§ 361, subd. (c)(1).)

If the custodial parent is incarcerated and the court has not made a finding of detriment under section 361, subdivision (c)(1), the Agency must show, by clear and convincing evidence, that the parent cannot arrange for the care of the child before the court may remove the child from that parent's custody. (§ 361, subd. (c)(5).)

Scott and the Agency acknowledge section 361, subdivision (c) applies only to the custodial parent. Scott concedes the provisions of section 361, subdivision (c) do not apply to him because he had been incarcerated since May 2004, and the children were not residing with him at the time the petitions were initiated in January 2007.

When the court has ordered the removal of a child from the custodial parent under section 361, subdivision (c), the court is then required to determine whether there is a parent with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of section 300 who desires to assume custody of the child. (§ 361.2, subd. (a).) "If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child" (finding of detriment). (*Ibid.*; see *Austin P., supra,* 118 Cal.App.4th at pp. 1134–1135.)

We do not find it necessary to address the parties' argument whether Scott was properly classified as a "nonoffending parent."[6] Unlike section 361, subdivision (c)(1), the phrase "nonoffending parent" does not appear in section 361.2. We conclude that section 361.2 applies to a noncustodial parent without regard to that parent's status as an offending or nonoffending parent. If a noncustodial parent requests custody of a child, the trial court must determine whether placement with that parent would be detrimental to the child. (§ 361.2, subd. (a).) In making a finding of detriment, the court may consider any jurisdictional findings that may relate to the noncustodial parent under section 300, as well as any other evidence showing there would be a protective risk to the child if placed with that parent. In the absence of a finding of detriment, the court must place the child with the noncustodial parent. (§ 361.2, subd. (a).)

Section 361.2 is one of the statutes that guide the court and the Agency in determining the child's placement if the child has been removed from the custody of the parent with whom the child resided under section 361. (See *In re Terry H.* (1994) 27 Cal.App.4th 1847, 1856 [34 Cal.Rptr.2d 271].) As used in section 300 proceedings, the term "placement" connotes where the child shall live during his or her dependency. (*Austin P., supra,* 118 Cal.App.4th at p. 1131; see §§ 361.21, 361.3, 361.4, 362.2, 362.7.)

---

[6] The Agency asserts that Scott should be classified a "nonprotecting parent." We find no reference to the phrase "nonprotecting parent" in the Welfare and Institutions Code or in *applicable* case law. (See, e.g., *In re Javier G.* (2006) 137 Cal.App.4th 453, 461 [40 Cal.Rptr.3d 383] [phrase "nonprotecting parents" refers to participants in a treatment program designed for the spouses of perpetrators of sexual abuse on children].)

In *Isayah C., supra*, 118 Cal.App.4th 684, 700, the reviewing court held that the juvenile court may consider placing a child with a noncustodial, incarcerated parent under section 361.2 if that parent seeks custody of the child, the parent is able to make appropriate arrangements for the child's care during the parent's incarceration and placement with the parent is not otherwise detrimental to the child. The *Isayah C.* court based its decision on the case law that held the juvenile dependency system has no jurisdiction to intervene "when an incarcerated parent delegates the care of his or her child to a suitable caretaker" and there is no other basis for jurisdiction under section 300. (*Isayah C.*, at p. 700, citing *In re S. D., supra*, 99 Cal.App.4th at p. 1077.) At disposition, the length of a parent's incarceration may be a factor in determining detriment under sections 361, subdivision (c) and 361.2, subdivision (a), but a finding of detriment cannot be based solely on the fact a parent is incarcerated. (*In re S. D.*, at p. 1077 [a parent cannot lose custody of a child merely because he or she may have been incarcerated]; *In re Brittany S.* (1993) 17 Cal.App.4th 1399, 1402 [22 Cal.Rptr.2d 50] (*Brittany S.*) [" '[G]o to prison, lose your child' " is not an appropriate legal maxim].)

Thus, under the authority of *Isayah C.*, after the court has removed a child from a custodial parent, the court must proceed under section 361.2 to "first determine whether there is a parent . . . with whom the child was not residing . . . who desires to assume custody of the child," even when a noncustodial parent is incarcerated. (§ 361.2, subd. (a).) "[A] parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time." (*Isayah C., supra*, 118 Cal.App.4th at p. 700.) Because Scott was not the children's custodial parent, the court should have considered the case under section 361.2. (*R.S. v. Superior Court, supra*, 154 Cal.App.4th at p. 1265.)

Before the court can fashion a placement order under section 361.2, subdivision (b), it must first determine the predicate issues under section 361.2, subdivision (a)—whether the noncustodial parent is seeking custody of the child and, if so, whether placement with that parent would be detrimental to the health, safety or physical or emotional well-being of the child. (See *R.S. v. Superior Court, supra*, 154 Cal.App.4th at p. 1271.)

With respect to custody, Scott contends that his request to the court to allow him to make suitable arrangements for the children's care should be interpreted as a request for custody of the children under section 361.2, subdivision (a). The Agency maintains Scott asked the court to place the children with a relative and did not request custody. For purposes of this discussion, we will assume, without deciding, that Scott's letter to the court, filed March 5, 2007, in which he asserted that he was able to arrange

appropriate and adequate care for the children, constitutes an adequate request for custody of the children. (But see *R.S. v. Superior Court, supra,* 154 Cal.App.4th at p. 1269 [case remanded to the trial court for proceedings under section 361.2 where some evidence in the record indicated the parent was seeking custody of the child].)

In evaluating whether placement with a noncustodial, incarcerated parent would be detrimental to the child, the *Isayah C.* court concluded that an incarcerated parent's plan to send his child to relatives *pending his relatively short incarceration,* without more, did not constitute a sufficient showing of detriment under section 361.2, subdivision (a) to deny placement to the noncustodial parent.[7] (*Isayah C., supra,* 118 Cal.App.4th at p. 700; see *In re S. D., supra,* 99 Cal.App.4th at p. 1077; *In re Aaron S.* (1991) 228 Cal.App.3d 202, 212 [278 Cal.Rptr. 861].) In contrast to *Isayah C.,* Scott's circumstances do not suggest this is a case where the only evidence in the record to support a finding of detriment is the parent's relatively short period of incarceration. Thus, we now consider whether this court may properly imply a finding of detriment under section 361.2, subdivision (a).

D. *The Trial Court Did Not Consider the Correct Code Provision; Therefore This Court Will Not Make an Implied Finding of Detriment*

In *Marquis D., supra,* 38 Cal.App.4th 1813, 1820–1821, the trial court, as here, removed the dependent children from the noncustodial parent under section 361, subdivision (b), a section that did not apply to the parent. This court determined that making implied findings was inappropriate, reversed the dispositional orders, and remanded the case to the trial court to consider and make proper findings under section 361.2, subdivision (a). (*Marquis D.,* at p. 1830.)

In remanding the case to the trial court, this court in *Marquis D.* stated: "Implying a finding of detriment under section 361.2 . . . presupposes the court considered the correct code provision." (*Marquis D., supra,* 38 Cal.App.4th at p. 1824.) This court was not satisfied the juvenile court adequately explored whether placing the children with the noncustodial parent would be detrimental to them within the meaning of section 361.2, subdivision (a) or that implied findings were warranted on the basis of the record. (*Marquis D.,* at p. 1825.)

---

[7] The *Isayah C.* court acknowledged there was a "lack of factual clarity" regarding whether the father was a custodial or noncustodial parent. (*Isayah C., supra,* 118 Cal.App.4th at p. 699.) However, it determined the trial court erred under both sections 361, subdivision (c) and 361.2, subdivision (a) when it did not consider whether the father was able to arrange appropriate care for the child during the father's incarceration. (*Isayah C.,* at p. 699.)

■ Although this record arguably would support a finding that placement with Scott would be detrimental to the children, we believe the better practice is to remand the matter to the trial court where that court has not considered the facts within the appropriate statutory provision. As this court noted in *Marquis D.*, when the trial court proceeds under section 361.2, subdivision (a), it is required to make a finding of detriment "in writing or on the record of the basis for its determination under subdivisions (a) and (b)." (§ 361.2, subd. (c); see *Marquis D., supra,* 38 Cal.App.4th at p. 1824.) Section 361.2, subdivision (c) is directed to the juvenile court, and we do not believe making express findings is an appropriate task for a reviewing court. This view comports with the long-standing rule that the reviewing court is not the finder of fact. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [2 Cal.Rptr.3d 683, 73 P.3d 541] [" 'it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law' " (citing *Tupman v. Haberkern* (1929) 208 Cal. 256, 262–263 [280 P. 970])]; *Joshua G., supra,* 129 Cal.App.4th at p. 198.)

We also recognize that different issues, evidence and argument may arise at trial depending on the applicable statute. When the proceedings take place under an inappropriate statute, even one requiring similar findings, the parties are not afforded the opportunity to tailor their case to the correct statute, and the trial court cannot fulfill its responsibility to make findings of fact within the provisions of that statute. (Cf. *In re Gladys L.* (2006) 141 Cal.App.4th 845, 848–849 [46 Cal.Rptr.3d 434].)

Here, although the court made findings of detriment under sections 361, subdivision (c) and 361.5, subdivision (b), it did not consider whether placement with Scott would be detrimental to the children under section 361.2, subdivision (a) and applicable case law. (*Isayah C., supra,* 118 Cal.App.4th at p. 700; *In re S. D., supra,* 99 Cal.App.4th at p. 1077; *Brittany S., supra,* 17 Cal.App.4th at p. 1402.) For the reasons expressed, we decline to imply a finding of detriment.

■ In conclusion, we agree with our colleagues in the Second Appellate District that where there is a noncustodial parent, "the juvenile court [is] bound to apply the provisions of section 361.2, not section 361.5." (*R.S. v. Superior Court, supra,* 154 Cal.App.4th at p. 1271.) The mere fact a noncustodial parent is incarcerated does not relieve the court of its obligation to determine whether the incarcerated parent is seeking custody of the child and, if so, whether placement with that parent would be detrimental to the child. (§ 361.2, subd. (a); *Isayah C., supra,* 118 Cal.App.4th at pp. 696–699; *In re S. D., supra,* 99 Cal.App.4th at p. 1077; *Brittany S., supra,* 17 Cal.App.4th at p. 1402.) Although Scott's prior, current and foreseeable circumstances may support a finding that placement with him would be

detrimental to the children, that determination is properly made by the trial court after the parties have had an opportunity to be heard on the issue.

## DISPOSITION

The orders as to Scott F. are reversed. The trial court is directed to hold a hearing to consider and make findings under section 361.2, subdivision (a) in writing or on the record.

O'Rourke, Acting P. J., and Aaron, J., concurred.

A petition for a rehearing was denied January 7, 2008, and the opinion was modified to read as printed above.