Filed 7/20/15  In re F.D. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re F. D., a Person Coming Under the Juvenile Court Law. | C076679 |
| SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> F. D., <br><br> Defendant and Appellant. | (Super. Ct. No. JD234147) |

Appellant F. D. Jr., father of the minor, appeals from the juvenile court's judgment of disposition denying him placement of the minor as a noncustodial parent.  (Welf. & Inst. Code,[1] §§ 358, 395.)  He contends substantial evidence does not support the finding

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

that placement of the minor with him would be detrimental to her safety, protection, or physical or emotional well-being. We affirm.

BACKGROUND

On November 27, 2013, mother left the minor (then eight years old) in the care of a nonrelated extended family member. That individual became unable to care for the minor and, after mother refused to pick up the minor, called the Sacramento County Sheriff. Sheriff's deputies were unable to reach mother and, on December 15, 2013, took the minor into protective custody. The minor reported that she was there because "my Mommy says I have an attitude and she can't take care of me." The minor reported that her last contact with appellant was about a year earlier at his house and he told her at that time that she could not live with him.

The following day, the minor's mother called the social worker and stated that, due to the minor's behavior, she was no longer willing to have the minor in her care. A section 300 petition was filed alleging mother was unwilling to provide care for the minor and had left her without provisions for care and support. Appellant was incarcerated at the time the petition was filed. The minor was ordered detained and placed in a children's receiving home.

The social worker filed a jurisdiction/disposition report on January 17, 2014. Mother had not been visiting minor since her detention, nor had mother inquired about her well-being or participated in any services. The minor said she did not want to be placed with mother. She and mother did not get along and mother did not pay any attention to her. The minor stated she knew appellant's name but she did not know him, did not remember the last time she saw him (or remember ever seeing him), and did not know his current whereabouts.

The minor had previously admitted that she has a problem with anger and said she has had four therapists (all of whom the minor reported had quit). The minor's school reported that the minor had 18 unexcused absences in November and December 2013,

2

prior to her detention, and two unexcused absences since being placed in the receiving home. Also prior to her detention, the minor was reported to have had behavior problems at school, including being rude, disrespectful, defiant, and disruptive. There had been one behavioral incident while the minor was in the receiving home but no other behavior problems or other concerns since her detention. The minor was placed in a foster home on January 15, 2014.

The social worker listed several referrals of physical abuse and neglect of the minor while she was in the custody of mother. Appellant had been incarcerated since October 15, 2013, and was serving a four-year sentence. His criminal history spans almost 20 years and consists of the following convictions: grand theft (1995), unlawful taking or driving of a vehicle (1995), obstructing or resisting a peace officer (1996), felony possession of a firearm (1997), an unknown/misidentified offense (1999), grossly negligent discharge of a firearm (2005), illegal possession of a firearm (2005), driving under the influence (2005), obstructing or resisting a peace officer (2008), making a criminal threat to commit a crime resulting in death or injury (2008), driving under the influence (2008), illegal possession of a firearm (2010), grossly negligent discharge of a firearm (2010), and grossly negligent discharge of a firearm (2013).

Including the minor, appellant has five children, born of four mothers. Appellant's wife B. D. is raising one of her own children and two of appellant's children on a full-time basis. She also cares for two of his other children on a part-time (shared custody) basis. The minor began visiting her half siblings in B.D.'s home after detention. B. D. initially indicated that she was interested in placement of the minor in her home and applied to the kinship unit for placement. She withdrew her application after being informed by the social worker that, because she was on probation, "it was something that was hard for [her] to get approved." B. D. was not told it was impossible, but just that it would be difficult to get approved.

3

After hearing testimony from the minor's mother, B. D., and the social worker, the juvenile court adjudged the minor a dependent child of the court and found removal was necessary as there was clear and convincing evidence that there was a substantial danger to the minor if she were to be returned home to the mother. Although mother remained unwilling to care for the minor and had made little effort to keep in touch with the minor, the court ordered reunification services for mother.

As to appellant, the court found he lacked a relationship with the minor, had been the subject of two restraining orders, had an extensive criminal history, and despite being a felon, had continued to possess firearms which he used in a dangerous manner. The court expressly stated it was *not* denying appellant's request for placement because he is currently incarcerated. Instead, the court found clear and convincing evidence that it would be a substantial danger to the minor's physical safety and emotional well-being to be placed with appellant due to his propensity for violent behavior, combined with his lack of relationship with the minor, as well as the emotional problems the minor has as a result of her history of abuse and neglect that had caused the minor to act out in the past. The court, however, ordered reunification services for appellant, as well.

Finally, the court found that the minor's visits with B. D. and her half siblings had been having a positive effect on the minor and encouraged continued liberal visitation. The court also authorized B. D. to take the minor to visit appellant during his incarceration.

DISCUSSION

Appellant contends the evidence did not support the juvenile court's finding that placement of the minor with him would be detrimental to her safety, protection, or physical or emotional well-being. We disagree.

When a child is removed from parental custody, the court must "determine whether there is a noncustodial parent that [*sic*] desires to assume custody of the child." (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 59; § 361.2, subd. (a).) "If that parent

4

requests custody the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." (§ 361.2, subd. (a).) That finding must be made by clear and convincing evidence. (*In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1827-1829.)

The juvenile court must weigh all relevant factors in determining detriment under section 361.2, subdivision (a). (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1425-1426.) In doing so, the court has "broad discretion to evaluate not only the child's physical safety but also his or her emotional well-being. In an appropriate case, all that might be required is a finding such a placement would impair the emotional security of the child." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1490; see also *In re Luke M.*, *supra*, at p. 1425 [a detriment finding may be supported by emotional harm to the child, even if the harm is not attributable to parental conduct].) When the parent seeking custody is incarcerated, the factors in assessing detriment also include "the noncustodial incarcerated parent's ability to make appropriate arrangements for the care of the child and the length of that parent's incarceration." (*In re V.F.* (2007) 157 Cal.App.4th 962, 966.)

Here, the juvenile court found placement with appellant would be detrimental to the minor due to his propensity for violent behavior combined with his lack of relationship with the minor and the minor's emotional problems, which have resulted from her history of abuse and neglect. The evidence here supports the juvenile court's finding.

As the juvenile court summarized, "[a]lthough convicted of a felony in the past, [appellant] continues to own and/or possess firearms which he uses in a dangerous manner without regard for the safety of others." Appellant's criminal record discloses several offenses which involve his illegal possession of a firearm, and several involving his grossly negligent *discharge* of a firearm. He has made criminal threats to commit a crime resulting in death or injury and has two convictions for driving under the influence.

The mothers of two of his children have sought restraining orders against him, one of which was granted after he used his car to ram into and break the doors off the minor's mother's car, *while the minor was in the backseat of mother's car*. The juvenile court did not err in considering this criminal history as a factor in determining that it would be detrimental to the minor's safety, protection, or well-being to be placed in appellant's custody at this time.

Additionally, there had been five referrals of physical abuse and neglect of the minor while she was in the custody of mother. Sadly, the minor's mother has made it clear that she does not want to care for the minor anymore and she had not visited the minor since her detention. The minor stated that appellant had told her that she could not live with him either. Prior to her detention, the minor had been withdrawn, defiant, angry, aggressive, and had been "running away a lot." Yet, despite the minor's family history and emotional problems, and despite reports of poor behavior and truancy in the past, the minor was reportedly doing well in her out-of-home placement.

Prior to this disposition hearing, the minor did not know appellant, or even remember seeing him in the past. He was, as the court described him, a "virtual stranger to her." The juvenile court could reasonably find, based on this evidence, that the disruption of her current positive placement, especially with her history of emotional problems, and placing her with a virtual stranger (particularly one the minor claimed had told her she could not live with him in the past) would create a substantial risk of detriment to the minor's emotional well-being. (C.f. *In re Abram L.* (2013) 219 Cal.App.4th 452, 464 [lack of relationship between parent and child, *by itself*, not sufficient to support finding of detriment].)

Appellant argues that "the court should aid in preserving family ties" and that denying him placement of the minor due to his lack of relationship with her is "counterintuitive" and fails to further that policy. He, however, fails to acknowledge that the court ordered reunification services which, of course, facilitate this legislative

purpose.  Thus, placement of the minor, to her detriment, was not necessary to further legislative goals of preserving family ties "whenever possible."  (See § 202, subd. (a).)

Finally, appellant asserts he was able to arrange for the minor's care during his incarceration by designating his current wife B. D. as the minor's interim caretaker. Even assuming B. D.'s suitability as caretaker, his ability to make appropriate arrangements for the care of the minor was but one factor for the court to consider.  And, here, the juvenile court did not find detriment to the minor based on appellant's inability to make appropriate arrangements for the minor's care during his incarceration.

Moreover, we note that B. D. had withdrawn her application and, accordingly, had failed to obtain the necessary exemption to make her eligible as a suitable caretaker. (§ 361.4, subd. (d)(2).)  Thus, the minor could not be placed in her care at the time of the disposition hearing and, as a result, appellant had not yet made suitable arrangements for the minor's care during his incarceration.  (§ 361.4, subd. (d)(2); *T.W. v. Superior Court* (2012) 203 Cal.App.4th 30, 43.)

DISPOSITION

The judgment is affirmed.

                                                                                     _____ROBIE_____, Acting P. J.

We concur:

_____MURRAY_____, J.

_____HOCH_____, J.

7