Filed 10/16/15  In re Audrey C. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re AUDREY C., a Person Coming Under the Juvenile Court Law. | B259904 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK03854) |
| Plaintiff and Respondent, | |
| v. | |
| ANA C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tony L. Richardson, Judge.  Reversed and remanded with directions.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

Ana C. appeals from the disposition order of the juvenile court denying her request to place her six-year-old daughter, Audrey C., in her custody and instead placing the child in the physical custody of the Department of Children and Family Services (the Department). We conclude, although there may be sufficient evidence on this record from which the juvenile court could make the necessary finding by clear and convincing evidence, the court neither indicated which statute it was following, nor made an express finding of detriment as required by the applicable statute, Welfare and Institutions Code section 361.2, subdivision (c).[1] Accordingly, we reverse the order and remand the case to the juvenile court.

FACTUAL AND PROCEDURAL BACKGROUND

1. *The family*

Mother and father, Christopher C., who is not a party to this appeal, are married but have not lived together in a while. Audrey has lived with her paternal great-grandparents since she was born, and in December 2013, when the Department became involved in this family, father was living there as well.

Mother was arrested in July 2013. According to the police report, in December 2007, mother stuck her tongue inside father's nine-year-old cousin's mouth. In April 2013, mother committed lewd acts with the cousin, just after the boy's 15th birthday. Mother was arrested for lewd acts against a child and oral copulation of a child. (Pen. Code, § 288a.) The Department was unable to interview mother or determine the date of her release from jail before the jurisdiction hearing because mother was subject to an immigration hold.

Father has problems with anger and a history of drug abuse. He smokes marijuana in front of Audrey, and uses cocaine. Father has a history of arrests for possession of drugs, driving under the influence, domestic violence, and he was convicted of marijuana

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise noted.

possession. He did not visit mother in jail because he had an outstanding warrant and his license was suspended.

Father and mother have a history of domestic violence. The Department reported that father cut the inside of mother's mouth with a box cutter. Audrey witnessed the physical and verbal violence. She saw father slam mother against the wall and throw a glass picture and cut mother's ear. Audrey reported hearing father scream "bad words" at mother and great-grandmother. The screaming scares her. Mother did not follow through with restraining orders but took Audrey to a shelter with her. The paternal great-grandmother reported that mother "can't give [father] up." Mother told the social worker that she and father could not live together because they fought too much.

Mother wanted Audrey placed with the maternal grandmother rather than in foster care. The Department obtained a removal order and placed Audrey with the paternal great-grandparents where the child felt comfortable and safe and would experience the least disruption.

The Department found that mother's criminal history, her conviction for orally copulating a minor, and her incarceration prevented her from providing the child with care and supervision. The Department was also concerned that mother stayed in a relationship with father who was abusive to her, at times in front of Audrey.

By September 2014 mother had been deported to Mexico and could not return to the United States for any reason. She asked that Audrey be sent to her in Mexico.

2. *The jurisdiction and disposition hearing*

The juvenile court sustained the petition under section 300, subdivision (b) (failure to protect) alleging mother's sexual abuse of a related child on more than one occasion; the parents' history of physical altercations; and father's drug abuse. The court struck the sexual abuse allegation under subdivision (d).

Turning to the disposition, father testified that he had visited mother three times in the past year and a half, i.e., since mother's arrest. He saw mother in Mexico after her deportation. At the close of argument, the juvenile court stated it was following the Department's recommendations. The court found that the "Department has met its

3

burden by clear and convincing evidence that release to the *father* at this time would not be appropriate." (Italics added.) After completing its ruling and orders concerning father's disposition, the court stated, "With respect to mother - - again the child is to be suitably placed. Mother is to participate in the services which are reflected in her court-ordered case plan." At mother's attorney's request, the court ordered the Department to look into initiating contact with the Department's counterpart in Mexico to look into visitation there. Mother filed her notice of appeal.

CONTENTION

Mother contends the record contains insufficient evidence to support the order removing Audrey from her custody.[2]

DISCUSSION

Under section 361, subdivision (c), a dependent child cannot be removed from the physical custody of a parent with whom the child resided at the time the petition was initiated, unless the juvenile court finds by clear and convincing evidence that at least one of certain enumerated circumstances exists. One such circumstance occurs when "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody." (§ *Id.*, subd. (c)(1).) The juvenile court here found that the Department carried its burden under section 361, subdivision (c)(1) to show substantial danger by clear and convincing evidence with respect to *father*. Father does not appeal the dispositional order and hence that ruling is not at issue.

---

[2] Mother filed a supplemental opening brief on appeal challenging the sufficiency of the evidence to support the order sustaining the petition's count b-1 alleging that mother sexually abused a child. However, mother does not challenge the other bases for jurisdiction, namely the parents' domestic violence and father's drug abuse. "As long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate. [Citations.]" (*In re Ashley B*. (2011) 202 Cal.App.4th 968, 979.) Accordingly, we need not address this contention.

4

However, Audrey could not be removed from *mother's* custody under section 361, subdivision (c) because the child was not residing with mother when the petition was initiated. (*In re Abram L.* (2013) 219 Cal.App.4th 452, 460; *In re V.F.* (2007) 157 Cal.App.4th 962, 969; *In re Marquis D*. (1995) 38 Cal.App.4th 1813, 1816.)

Although no party addressed the issue and the juvenile court did not indicate under which statute it was proceeding with respect to mother, the applicable statute governing mother's request for custody of Audrey is section 361.2. Thereunder, "[w]hen a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, *with whom the child was not residing at the time* that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, *the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child*." (*Id*., subd. (a), italics added.)

As we explained in *Abram L.*, a case directly on point, " 'A parent's right to care, custody and management of a child is a fundamental liberty interest protected by the federal Constitution that will not be disturbed except in extreme cases where a parent acts in a manner incompatible with parenthood.' [Citation.] '[T]o comport with the requirements of the due process clause, a finding of detriment pursuant to section 361.2, subdivision (a) must be made by clear and convincing evidence.' [Citations.]" (*In re Abram L.*, *supra*, 219 Cal.App.4th at p. 461.) Accordingly, section 361.2, subdivision (c) specifies that the juvenile "court shall make a finding either in writing or on the record of the basis for its determination under subdivisions (a) and (b)."

The record here reflects that the juvenile court did not consider the requirements of section 361.2 in denying mother custody of Audrey. The minute order from that hearing uses only the language of section 361, subdivision (c). The court's oral statements about removal of Audrey from mother's custody neither referred to section 361.2, nor used the relevant, operative language of that statute. (Accord, *In re Abram L.*, *supra*, 219 Cal.App.4th at p. 461.) Moreover, the Department's Jurisdiction/Disposition

5

Report did not request or recommend that the juvenile court consider section 361.2, despite mother's request that Audrey be placed with her in Mexico. The Department only used the operative language of section 361, subdivision (c). At the disposition hearing, the court stated it was following the Department's recommendations. Thus, the juvenile court did not apply the applicable law to mother's request for physical custody of Audrey.

We will not imply a finding of detriment under section 361.2 in this case because to do so "presupposes the [juvenile] court considered the correct code provision." (*In re Marquis D*., *supra*, 38 Cal.App.4th at p. 1824.) Although arguably this record supports a finding that placement with mother would be detrimental to Audrey, the better practice is to remand the matter to the juvenile court because that court has not considered the facts within the appropriate statutory provision. (*In re V.F*., *supra*, 157 Cal.App.4th at p. 973.) Section 361.2 requires that the juvenile court make the finding on the record (*id*., subd. (c)) and the appellate court is not the finder of fact. (*In re V.F*., *supra*, at p. 973.) Accordingly, we reverse the disposition order as to mother and remand the case to the juvenile court to consider and make proper findings under section 361.2, subdivision (a). (*In re Marquis D*., *supra*, at p. 1830.)

DISPOSITION

The juvenile court's order dated October 21, 2014, placing Audrey in the care of the Department of Children and Family Services is reversed.  The juvenile court is directed to hold a hearing to consider and make findings under section 361.2, subdivision (a) in writing or on the record.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



                                        ALDRICH, J.



We concur:



        EDMON, P. J.



        JONES, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.