Filed 3/22/16  In re D.B. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.B., a Person Coming Under the Juvenile Court Law. | B263821 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DEVON B.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK08033) |

APPEAL from an order of the Superior Court of Los Angeles County,
D. Zeke Zeidler, Judge.  Reversed and remanded with directions.

Denise M. Hippach, under appointment by the Court of Appeal, for Defendant and
Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant
County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff
and Respondent.

**INTRODUCTION**

Father and appellant Devon B. appeals from a removal order under Welfare and Institutions Code section 361, subdivision (c).[1]  Because the child, D.B., was not residing with father, the court erred by removing her from father's custody under that section.  We therefore reverse the order and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2014, D.B. came to the attention of the Department of Children and Family Services (the Department) based on reports her mother's boyfriend abused mother and D.B., dealt and used drugs in D.B.'s presence, and that marijuana was found in D.B.'s backpack at school.  The Department therefore filed a petition under section 300 alleging D.B. was at risk of serious physical harm and a failure to protect (§ 300, subds. (a), (b)).  The juvenile court ordered D.B. to be detained and the Department to conduct a due diligence search for father, Devon.

The Department located father, who had been deported to Jamaica.  Father was arrested in September 2006 for possession of marijuana for sale and again in August 2009 for selling/furnishing marijuana/hash, for which he was sentenced to three years in prison.  Father reported that he had been sentenced to five years six months to a halfway house for his marijuana possession.  He denied using marijuana and being ordered to receive drug treatment.  At the time of his crime, father was a taxi driver, "and he would transport his people from Jamaica to get marijuana."  Father last spoke to D.B. in 2013.  Father was trying to get a visa to return to the United States.  He wanted D.B. placed with his sister in New York.

The Department filed a first amended petition in January 2015.  It alleged that father's history of using and selling marijuana/hash, which led to his extradition, created a detrimental home environment for D.B., led to a failure to protect, and placed her at risk of physical harm.

---

[1]     All undesignated statutory references are to the Welfare and Institutions Code.

2

At the combined adjudication/disposition hearing on March 17, 2015, the court deemed Devon, who was not present, to be D.B.'s presumed father. The court sustained the allegations against father, as well as the ones against mother. The court declared D.B. to be a dependent of the court and found, by clear and convincing evidence, that her removal from "parents' homes" was necessary, under section 361, subdivision (c). Family reunification services were ordered for parents. Father was ordered to attend and complete Department approved drug and parenting programs, and the Department was ordered to explore programs in Jamaica. Father was allowed monitored contact with D.B. for at least one hour once a week.

## DISCUSSION

Father contends that the juvenile court erred when it removed D.B. from his parental custody under section 361, subdivision (c). The Department concedes that the court erred by relying on that section but contends the error was harmless. We conclude that the error was not harmless.

Section 361, subdivision (c), applies when the child resides with the parent at the time the petition was filed.[2] D.B. did not reside with father. D.B. therefore could not be removed from father's custody under section 361, subdivision (c). (*In re D'Anthony D.* (2014) 230 Cal.App.4th 292, 303 [by its terms, § 361 applies to the custodial parent]; *In re Abram L.* (2013) 219 Cal.App.4th 452, 460; *In re V.F.* (2007) 157 Cal.App.4th 962, 969, superseded by statute on other grounds as stated in *In re Adrianna P.* (2008) 166 Cal.App.4th 44, 57.)

---

[2]    Under section 361, subdivision (c)(1), a dependent child shall not be taken from the physical custody of the parents with whom the child resided at the time the petition was initiated unless the juvenile court finds by clear and convincing evidence that "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home," and that "there are no reasonable means by which the minor's physical health can be protected without removing the minor" from the parents' physical custody.

The Department, however, urges us to find any error harmless, under the applicable statute, section 361.2. Under that section, where, as here, a court orders removal of a child from a custodial parent (mother), the court shall determine whether there is a noncustodial parent (father) who desires to assume custody of the child. (§ 361.2, subd. (a).) If so, the court "shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." (*Ibid.*)

But, as father points out, the juvenile court had no occasion to make a detriment finding, because it is unclear whether father wanted custody of D.B. The record shows only that father was trying to get a visa to return to the United States, and he wanted D.B. placed with his sister. That he wanted D.B. placed with his sister may or may not have been a request for custody. (Cf. *In re V.F., supra,* 157 Cal.App.4th at pp. 971-972.)

In any event, we decline to consider whether there is sufficient evidence to sustain a detriment finding under section 361.2. We are not satisfied the juvenile court adequately explored whether placing D.B. with the noncustodial parent would be detrimental to her within the meaning of that section. (*In re V.F., supra,* 157 Cal.App.4th at p. 972; *In re Abram L., supra,* 219 Cal.App.4th at pp. 463-464; cf. *In re D'Anthony D., supra,* 230 Cal.App.4th at pp. 303-304 [error harmless where the juvenile court specifically referenced father's abuse of child].) The minute order from the hearing uses only the language of section 361, subdivision (c). The court's oral statements about removing D.B. from parents' custody neither referred to section 361.2, nor used the relevant, operative language of that statute. (Accord, *In re Abram L., supra*, at p. 461.) We will not imply a finding of detriment under section 361.2 in this case because to do so "presupposes the [juvenile] court considered the correct code provision." (*In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1824.) The better practice is to remand the matter to the juvenile court to allow it to consider the facts within the appropriate statutory provision. (*In re V.F.,* at p. 973.)

4

## DISPOSITION

The removal order under section 361, subdivision (c), is reversed as to father, Devon B.  On remand, the juvenile court is directed to hold a hearing to consider and make findings under section 361.2, subdivision (a) in writing or on the record.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, Acting P. J.

We concur:

LAVIN, J.

HOGUE, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.