Filed 11/20/19; Certified for Publication 12/6/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ADAM H., a Person Coming Under the Juvenile Court Law. | B298289 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. JAVIER H., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP01248A) |

APPEAL from orders of the Superior Court of Los Angeles County. Marguerite D. Downing, Judge. Affirmed in part, reversed in part, and remanded with directions.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

Father appeals from the juvenile court's dispositional order removing his 14-year-old son from his custody under Welfare and Institutions Code section 361, subdivision (c).[1]  Father argues the court applied the wrong statute:  since father was a non-custodial parent, the court should have evaluated whether the child should be placed with him under section 361.2.  The Department of Children and Family Services (Department) concedes the error, but argues it was harmless.  We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2019, the Department received a child welfare referral alleging mother exposed 14-year-old Adam to narcotics and prostitution by trafficking drugs and operating a brothel at the family home.  Adam told a Department social worker that mother physically and emotionally abused him, and sold drugs at their house.  The minor said he was depressed and had suicidal tendencies.  The court immediately removed him from mother's care and custody.

On February 26, 2019, the Department filed a petition alleging Adam was at risk due to mother's substance abuse and emotional abuse, and father's criminal history.[2]  At the time of detention hearing, the Department had not yet located father.  Adam was detained in shelter care.

Adam said he did not know father.  When the Department located father, he said he had not seen mother for eight years and that she had abused drugs when he was in a relationship with

---

[1]  All further statutory references are to the Welfare and Institutions Code.

[2]  We do not address allegations in the petition that were dismissed and are not at issue on appeal.

her.  He was incarcerated after they ended their relationship.
When he was released in 2010, he participated in parenting
classes and counseling in 2010 in an attempt to re-establish his
relationship with Adam.  His therapist at the time documented
mother's aggression toward father and her refusal to cooperate
with the family court's visitation orders.  According to mother,
father had been violent toward her, and she had not had contact
with him for over 10 years.

Father appeared at an interim hearing and was ordered to
drug test.  The court granted him monitored visitation with
Adam.  Father asked for custody of Adam.  Father was employed
and lived with his fiancée.  He missed his first three drug tests,
and indicated he feared going to the drug test facility because it
was in mother's gang's territory.  He was allowed to drug test at a
different facility, and the results were negative.

In early April 2019, Adam told his therapist that he
enjoyed visits with father but expressed concern about living with
him since Adam did not know him well.  The Department
reported that Adam was benefitting from the "structure, support
and boundaries established" in his current placement "as
evidenced by his academic progress and emotional stability."

On May 7, 2019, the court held a combined jurisdiction and
disposition hearing.  Mother pled no contest and the court
sustained the allegations of mother's drug abuse and emotional
abuse of Adam.  Minor's counsel joined father's counsel in
arguing that the court dismiss the allegation of neglect against
father based on his criminal record.  Minor's counsel argued, "It
seems to be historical information, based on prior
conduct.  [¶]  There does not seem to be any nexus between that
conduct and the current situation.  [¶]  I think father seems to

3

have really turned things around.  [¶]  He's making a genuine effort to bond with his son.  [¶]  His home has been assessed.  [¶]  He's, now, actually receiving unmonitored visits. . . .  which have been going very well."  Father's counsel agreed that the allegation about father's criminal record was based on "stale information" which was "over nine years old."  The court dismissed the allegation against father.

With respect to disposition, father's counsel argued that Adam was "bonding well with his father, and also with his siblings. . . .  [¶]  Father and his current [fiancée] are well on their way to . . . making sure Adam has not only his mental health care needs, also his schooling needs taken care of. . . .  [¶]  The home assessment . . . does not identify any hazards in the home [or] anything that would present a risk to the child. . . ."  Father's counsel asked that Adam be placed with father, and argued that the Department had not "presented any evidence, today, that there is any detriment to . . . Adam being placed with father.  [¶]  In fact, the Department's own conduct demonstrates it does not believe there is any detriment by liberalizing father's visits in a very short time."

The Department and minor's counsel argued that it was premature to place Adam with father because Adam was still getting to know him.  According to the Department's counsel, "the father needs to keep doing what he's doing, [the] transition to a home of parent father, needs to be gradual to accommodate the mental and emotional needs of this child, who has special needs."

The court removed Adam from the custody of both parents under section 361, subdivision (c).  Although the court found that father was "the non[-]custodial parent," it also applied section 361 in finding that Adam would be in substantial danger of harm

4

if "returned" to his parents' care. As to father specifically, the court only found that it would be "premature" to "return" Adam to father "given the fact he does not have a history of a relationship with his father." Father timely appealed.

### DISCUSSION

### 1. *The Juvenile Court Erroneously Failed to Apply Section 361.2*

Section 361.2, subdivision (a) provides that, when the juvenile court removes a dependent child from a custodial parent, the court "shall first determine" whether there is a parent who wants to assume custody who was not residing with the child at the time the events that brought the minor within the provisions of section 300 occurred. If so, the court "shall place" the child with the parent unless "it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." (§ 361.2, subd. (a).)

Father argues, respondent concedes, and we agree that section 361.2 governed father's request that Adam be placed in his custody. Instead of considering placement of Adam with father as directed by section 361.2, the court removed Adam from father under section 361, subdivision (c). However, that statute governs the child's removal from the physical custody of a parent.[3] " 'It does not, by its terms, encompass the situation of

---

[3] Section 361, subdivision (c) provides that a dependent child shall not be taken from the physical custody of a parent "with whom the child resides at the time the petition was initiated," unless the court makes certain findings, including that there would be a "substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means

5

the non[-]custodial parent.' " (*R.S. v. Superior Court* (2007) 154 Cal.App.4th 1262, 1270.)

As Adam did not reside with father at the time the petition was initiated, the court was required under section 361.2 to place Adam with father unless such placement would be "detrimental to the safety, protection, or physical or emotional well-being of the child." The court did not apply the correct law to father's request for custody of Adam.

## 2.      The Error Was Not Harmless

Although we have concluded the juvenile court erred in failing to make a finding under section 361.2, subdivision (a), "[w]e cannot reverse the court's judgment unless its error was prejudicial, i.e., ' "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*In re Abram L.* (2013) 219 Cal.App.4th 452, 463.)

Respondent argues the error was harmless in light of the juvenile court's "substantial danger" finding under section 361, subdivision (c)(1), and the evidence that (1) father had been absent from Adam's life for almost 10 years, (2) father did not take any action to protect Adam from mother, and (3) Adam preferred to remain in his current placement. We decline to imply a finding that father neglected Adam when it is clear from the juvenile court's comments at the hearing that it only found that it would be premature to place Adam with father.

"[W]here the trial court has failed to make express findings the appellate court generally implies such findings only where the evidence is clear. [Citations.]" (*In re Marquis D.* (1995)

by which the minor's physical health can be protected without removing the minor." (§ 361, subd. (c)(1).)

6

38 Cal.App.4th 1813, 1825.)  Here, the evidence is not clear.  In support of the argument that an implied finding of detriment is warranted, respondent cites to father's criminal history which was over 10 years old, and that "[f]ather knew [m]other was capable of engaging in substance abuse and other abusive conduct but remained absent from Adam's life for nearly a decade."  However, there was also evidence in the record that mother aggressively threatened father when he tried to maintain contact with Adam.  This is not the clear-cut case in which we may imply such a finding.

According to the Department's own reports and minor's counsel, minor was doing very well under the care of father during unmonitored visits.  In addition, there was evidence father was receptive to services and cooperative with the Department.  The only concern cited at the disposition hearing was that Adam did not yet know father very well.  Respondent now suggests that this alone justified a finding of detriment under section 361.2.  We disagree.

An "alleged lack of a relationship between father and [a child] is not, by itself, sufficient to support a finding of detriment for purposes of section 361.2, subdivision (a).  [Citation.]" (*In re Abram L.*, *supra*, 219 Cal.App.4th at p. 464.)  Even when a child prefers not be placed with a non-custodial parent, that preference is outweighed by the "long-term benefits [minors] gain from becoming an integrated member of a family." (*In re Patrick S.* (2013) 218 Cal.App.4th 1254, 1265.)  Although a teenager is entitled to have his wishes considered, "a child's preference is not the deciding factor in a placement decision . . . ." (*Ibid.*)

We do not suggest whether the record would or would not support a finding of detriment in this case.  In light of Adam's mental health needs, there may be evidence of emotional

detriment should he be forced against his will to move in to father's home, away from his current home and school where he is doing well. This is not our decision to make. Given that the juvenile court did not expressly consider placement with father under section 361.2 and there was conflicting evidence as to whether such placement would be detrimental to Adam, we believe the better practice is to remand the matter to the juvenile court to consider the facts within the appropriate statutory provision.

When the juvenile court proceeds under section 361.2, subdivision (a), it is required to make a finding "in writing or on the record of the basis for its determination under subdivisions (a) and (b)." (§ 361.2, subd. (c).) This requirement is directed to the juvenile court, not this court. (*In re V.F.* (2007) 157 Cal.App.4th 962, 973.) "This view comports with the long-standing rule that the reviewing court is not the finder of fact. [Citation.]" (*Ibid.*)

### *DISPOSITION*

The juvenile court's order dated May 7, 2019, removing Adam from father's custody under section 361 is reversed. The case is remanded to the juvenile court with directions to hold a new dispositional hearing to consider placing Adam with father under section 361.2. Nothing in this opinion is intended to foreclose the court from considering new evidence or changed circumstances that may have arisen during the pendency of this appeal. In all other respects, the dispositional findings and orders are affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

KIM, J.

9

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ADAM H., a Person Coming Under the Juvenile Court Law. | B298289 |
| | (Los Angeles County Super. Ct. No. 19CCJP01248A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | **ORDER CERTIFYING OPINION FOR PUBLICATION** |
| v. | |
| JAVIER H., Defendant and Appellant. | |

THE COURT:

The opinion in the above-entitled matter filed on November 20, 2019, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

RUBIN, P. J.                    BAKER, J.                    KIM, J.