Filed 8/17/21  In re J.S. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re J.S. et al., Persons Coming Under the Juvenile Court Law. | B307694 |
| | (Los Angeles County Super. Ct. No. 20CCJP02885A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| JESSICA B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Affirmed.

Katie Curtis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

—————————————————————

## INTRODUCTION

Jessica B., mother of now 10-year-old Joaquin S. and nine-year-old Nevaeh S., appeals from the juvenile court's jurisdiction findings and disposition order declaring the children dependents of the court under Welfare and Institutions Code section 300[1] and removing them from their father's care. Jessica contends the court erroneously removed the children from her. The court, however, did not remove the children from Jessica or otherwise err in making its disposition order, and any error was harmless. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011 the Los Angeles County Department of Children and Family Services filed petitions under section 300 alleging Joaquin and Nevaeh were at risk of harm as a result of Jessica's history of mental and emotional problems and substance abuse. After sustaining the allegations in those petitions, the juvenile court ultimately—at least according to Jessica in this appeal—

---

[1] Statutory references are to the Welfare and Institutions Code.

2

terminated its jurisdiction and awarded the children's father, Joaquin Sr., sole legal and physical custody.[2]

In April 2020 Joaquin Sr. had Joaquin and Nevaeh in the car with him when a California Highway Patrol officer stopped Joaquin Sr. for speeding and arrested him for driving under the influence of alcohol. The officer contacted Jessica, who drove to the scene, picked up the children, and took them to the home of Joaquin Sr.'s parents.

The Department filed this case in May 2020, alleging Joaquin and Nevaeh came within the jurisdiction of the juvenile court under section 300, subdivision (b)(1), as a result of Joaquin Sr.'s history of alcohol abuse and Jessica's history of substance abuse, and under section 300, subdivision (j), as a result of Jessica's substance abuse.[3] The Department alleged the children, who had been detained, were residing with Joaquin Sr. when the Department intervened. In August 2020 the juvenile court sustained the allegations under section 300, subdivision (b)(1), relating to Joaquin Sr. and the allegations

_____

[2] The Department does not dispute Jessica's account of those custody orders, and the record confirms the account regarding Nevaeh. The record is less clear regarding Joaquin, but it does reflect Joaquin Sr. and Jessica understood that, following the previous dependency proceeding involving Joaquin, Joaquin Sr. had "full custody" of him.

[3] The count under section 300, subdivision (j), alleged that, because of Jessica's substance abuse, two additional children of hers, D.B. and G.B., were declared dependents of the juvenile court in earlier proceedings that led to those children receiving permanent placement services.

3

under section 300, subdivision (j), and dismissed the allegations under section 300, subdivision (b)(1), relating to Jessica.

At disposition the juvenile court removed the children from Joaquin Sr. under section 361, subdivision (c). The court also stated: "As to [Jessica], the court is denying reunification services pursuant to [section 361.5, subdivision (b)(10)]. The court notes that [Jessica] is not the previously custodial parent. These children were previously removed. She never had them returned to her care. So she is a noncustodial parent. [The] court has no information she has ever enrolled in . . . and completed the programs she needed for the last case. So at this point, reunification services are being denied. Placement with her would be detrimental." Jessica timely appealed.

## DISCUSSION

A.    *Relevant Law*

Section 361 "governs removal of the child from his or her parent or guardian." (*In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1496.) In particular, section 361, subdivision (c), describes the juvenile court's authority to remove a dependent child "from the physical custody of his or her parents . . . with whom the child resides at the time the petition was initiated." Section 361, subdivision (d), describes the court's authority to remove a dependent child "from the physical custody of his or her parents . . . with whom the child did not reside at the time the petition was initiated."

Section 361.2 "governs placement of a child after the court issues a valid removal order" under section 361. (*In re Dakota J.* (2015) 242 Cal.App.4th 619, 630; see *In re V.F.* (2007)

157 Cal.App.4th 962, 969 ["section 361.2 is not a removal statute"].) Subdivision (a) of the statute provides that, "[i]f a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child."

B.    *Jessica Has Not Demonstrated the Juvenile Court Removed the Children from Her or Otherwise Erred*

Jessica contends the juvenile court "erred by removing the children from [her] custody" because no statute authorizing removal applied to her. Citing section 300, subdivisions (c) and (d), and section 361.2, subdivision (a), she argues that, "[w]here a parent does not have legal custody and does not request custody of the child, the necessity to protect the child is absent and removal is not contemplated in the dependency statute scheme." This argument is without merit, however, for the simple reason that the court did not remove the children from Jessica.

Insisting otherwise, Jessica cites the minute orders from the disposition hearing, which include a recital that "[i]t is reasonable and necessary to remove the child from the **parents** . . . ." The reporter's transcript of the hearing, however, unambiguously reflects the court removed the children from Joaquin Sr. only, pursuant to section 361, subdivision (c). And "[w]here there is a conflict between the juvenile court's

5

statements in the reporter's transcript and the recitals in the clerk's transcript, we presume the reporter's transcript is the more accurate." (*In re A.C.* (2011) 197 Cal.App.4th 796, 799-800; accord, *In re Abram L.* (2013) 219 Cal.App.4th 452, 459, fn. 3.)

Though she does not clearly advance it as an additional, independent ground for reversal, Jessica also suggests that, in finding the children's placement with her "would be detrimental," the juvenile court erroneously applied section 361.2, subdivision (a). She argues that provision did not apply because she did not, at disposition, ask the court to place the children with her. Jessica forfeited this argument, however, by failing to raise it in the juvenile court. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["[d]ependency matters are not exempt" from the rule that "a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court"]; *In re A.A.* (2012) 203 Cal.App.4th 597, 605 ["Failure to object to noncompliance with section 361.2 in the lower court results in forfeiture."].)

The argument is also meritless. The juvenile court did not indicate it was making the detriment finding under section 361.2, subdivision (a), and Jessica cites no statute or case law suggesting the court lacked authority to make the finding.[4] The juvenile court's "broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order in accord with this discretion, permits the court to formulate disposition orders to address parental deficiencies when necessary to protect and promote the child's welfare, even when that parental conduct did not give rise to the

_____

[4]      Nor does she challenge the evidentiary basis for the finding.

6

dependency proceedings." (*In re K.T.* (2020) 49 Cal.App.5th 20, 25; see § 362, subd. (a) [where it adjudges a child a dependent of the court on the ground the child is a person described by section 300, "the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child"]; *In re K.T.*, at p. 24 ["The juvenile court has 'wide latitude' in formulating reasonable disposition orders for the care, custody, support, and well being of juvenile dependents."].) Particularly given that Jessica did (unsuccessfully) request custody of the children at the detention hearing in this case, and that section 361.2, subdivision (e)(1), permits the Department to place a child under its supervision in "[t]he home of a noncustodial parent, as described in subdivision (a)," the juvenile court did not abuse its discretion by including a detriment finding in its disposition orders. (See *In re K.T.*, at p. 25 ["We review the juvenile court's disposition orders for an abuse of discretion [citation], and review for substantial evidence the findings of fact on which dispositional orders are based."].)

C.    *Any Error by the Juvenile Court Was Harmless*

Finally, even assuming the juvenile court erred—either by removing the children from Jessica or by making a detriment finding against her—any error was harmless. (See *In re Celine R.* (2003) 31 Cal.4th 45, 59-60 [harmless error doctrine applies in dependency cases, and a reviewing court should not set aside a dependency court order unless it is "reasonably probable the result would have been more favorable to the appealing party but for the error"].) Jessica suggests Joaquin Sr. "may fail in services and the juvenile court might eventually be required to select a permanent plan for the children under section 366.26," in which

7

event "termination of [her] parental rights may ultimately be at stake." She argues that, because the "overall dependency scheme . . . permits the termination of parental rights based on a finding of detriment or parental unfitness made by clear and convincing evidence in conjunction with a removal order," the removal order here could "satisfy the requirement that a finding of detriment or unfitness be made against [her]."

Before the juvenile court may terminate parental rights, the court must find by clear and convincing evidence that "awarding custody of a dependent child to a parent would be detrimental to the child." (*In re G.P.* (2014) 227 Cal.App.4th 1180, 1193; accord, *In re D.H.* (2017) 14 Cal.App.5th 719, 730-731.) Jessica is correct that this finding need not occur at the section 366.26 hearing, but may occur earlier, including at disposition. (*In re D.H.*, at p. 730.) Nothing in the record, however, suggests the court made its detriment finding here under the clear and convincing evidence standard. The court will have to make a detriment finding under that standard before it may terminate Jessica's parental rights under section 366.26. (See *In re Z.K.* (2011) 201 Cal.App.4th 51, 65-66 [where the mother "'was not the custodial parent, the child was not removed from her custody[,] and she was not denied placement [at the dispositional hearing],'" the juvenile court had to make "a specific finding of detriment, supported by clear and convincing evidence," before terminating the mother's "parental rights at the section 366.26 hearing over her request for custody"].)

## DISPOSITION

The juvenile court's jurisdiction findings and disposition order are affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.