Filed 8/20/24  In re Derek A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re DEREK A., a Person Coming Under the Juvenile Court Law. | B329302 |
| | (Los Angeles County Super. Ct. No. 22CCJP03584) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. FABIOLA M., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Dismissed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Fabiola M. appeals from the juvenile court's two orders, one in May 2023 and one in August 2023, addressing visitation with her child Derek A., after the court sustained a petition by the Los Angeles County Department of Children and Family Services under Welfare and Institutions Code section 300, subdivisions (a) and (b)(1),[1] and declared Derek a dependent child of the court. Because in November 2023 the juvenile court issued a third and superseding order, we dismiss her appeals from the first two as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Juvenile Court Sustains a Petition Under Section 300, Declares Derek a Dependent Child of the Court, and Issues a Visitation Order*

Derek's parents are Fabiola and non-party Israel O. In September 2022 the Department filed a petition on behalf of nine-year-old Derek, alleging a history of violent altercations between Fabiola and a male companion in Derek's presence endangered Derek's physical health and safety and placed Derek at risk of serious harm, damage, and danger. The Department

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

also alleged Fabiola failed to protect Derek by allowing the male companion to reside in Derek's home and have unlimited access to Derek, despite the history of domestic violence and the companion's history of alcohol abuse. The court removed Derek from Fabiola and placed Derek with a maternal aunt.

The Department learned during its ensuing investigation Derek had numerous health conditions that required special attention, including cerebral palsy and a heart defect. In an amended petition the Department added allegations of medical neglect for Fabiola's failure to ensure Derek received surgery necessary to correct the heart defect. At the January 2023 jurisdiction hearing the juvenile court sustained all counts as alleged under section 300, subdivisions (a) and (b)(1).

At the disposition hearing in February 2023 the juvenile court declared Derek a dependent child of the court, removed him from Fabiola and Israel, and ordered reunification services. Regarding visitation, the court ordered monitored visits for Fabiola for three hours per week and gave the Department authority to liberalize visitation. The court also set a progress hearing for May 10, 2023.

B.    *The Juvenile Court Issues Additional Orders Regarding Visitation*

The Department filed an interim review report on May 5, 2023, prior to the progress hearing. Among other things, the interim review report recommended the juvenile court reduce Fabiola's visitation to one hour per week in a therapeutic setting, in part because Fabiola reportedly spoke with and asked Derek about inappropriate topics. On April 27, 2023 the Department served Fabiola with a notice of a review hearing for the scheduled

3

May 10, 2023 progress hearing.  The notice stated the social worker's recommendations were on page two, but page two was blank.  The Department also served Fabiola on April 27, 2023 with the interim review report.

At the May 10, 2023 hearing counsel for Fabiola objected to the Department's request to reduce Fabiola's visitation and argued "a [section] 388 petition would be better appropriately filed . . . for such a request."  Counsel for Fabiola did not ask to submit any evidence regarding the Department's request, but counsel argued the interim review report did not include statements from Derek or Derek's therapist concerning the impact of Fabiola's visits on Derek.  The juvenile court denied the Department's request for visits in a therapeutic setting, but reduced Fabiola's visits to "one time per week, two to three hours."  Fabiola timely appealed from the May 10, 2023 order.

At the six-month review hearing on August 9, 2023 Fabiola asked the juvenile court to release Derek to her or to liberalize visitation by allowing unmonitored visits or increasing the number of monitored visits.  She argued that she was making progress on her case plan and that the Department did not identify any "safety risk" to Derek as a result of Fabiola's visits.  The court denied Fabiola's requests, but continued the authority the court had given the Department in the disposition order to liberalize Fabiola's visitation.  Fabiola timely appealed from the court's August 9, 2023 order.

After Fabiola appealed from the May 9, 2023 and August 9, 2023 orders and filed her opening brief in her appeal from the May 9, 2023 order, the juvenile court issued an order on

November 21, 2023 following the 12-month review hearing.[2] That order terminated the suitable placement order with Derek's maternal aunt, placed Derek with Israel, and gave the Department authority to facilitate Fabiola's visits with Derek. Fabiola timely appealed from the November 21, 2023 order as well.[3]

C.       *The Department Moves To Dismiss This Appeal*

In this appeal, which consolidated Fabiola's appeals from the May 9, 2023 and August 9, 2023 orders, the Department filed a motion to dismiss the appeal as moot. Fabiola did not oppose the motion.

## DISCUSSION

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.] A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two

---

[2]       We grant the Department's request for judicial notice of the juvenile court's November 21, 2023 order and Fabiola's timely notice of appeal from that order. (See Evid. Code, §§ 452, 459.)

[3]       Fabiola's court-appointed counsel filed an opening brief in that appeal stating she found no arguable issues. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 843.)

5

requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276; see *In re David B.* (2017) 12 Cal.App.5th 633, 644.)  "This rule applies in the dependency context."  (*D.P.*, at p. 276; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60.)  "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."  (*N.S.*, at p. 60; accord, *David B.*, at p. 644; see *In re Damian L.* (2023) 90 Cal.App.5th 357, 369.)  "A reviewing court must '"decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."'"  (*D.P.*, at p. 276; see *Damian L.*, at 369.)

Fabiola challenges the juvenile court's May 9, 2023 and August 9, 2023 orders, arguing she did not receive notice of, or an opportunity to present evidence at, the May 9, 2023 hearing.  Those challenges, however, are moot because the order the court issued at the 12-month review hearing on November 21, 2023 superseded the May 9, 2023 and August 9, 2023 orders.  Thus, we cannot provide Fabiola any effective relief in this appeal.  (See *In re Julien H.* (2016) 3 Cal.App.5th 1084, 1088, fn. 7 [father's appeal from pre-detention removal and detention orders was moot because those orders "were superseded" by the disposition orders].)  Reversing the juvenile court's May 9, 2023 and August 9, 2023 orders "could not deliver the desired relief" because the visitation terms imposed by the juvenile court in those orders are no longer in effect.  Thus, even if we reversed those orders, the more recent visitation terms in the

November 21, 2023 order would govern.  (*In re S.G.* (2021) 71 Cal.App.5th 654, 666-667; see *Julien H.*, at p. 1088, fn. 7 [appellate court could not provide "effectual relief" where the disposition order superseded the removal order].)  And because Fabiola did not oppose the Department's motion to dismiss, she has not identified any ongoing harm from the May 9, 2023 and August 9, 2023 orders (see *In re D.P.*, *supra*, 14 Cal.5th at p. 276), nor has she asked us to exercise our discretion to hear her moot appeal (*id.* at pp. 282-287).

## DISPOSITION

The appeal is dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

7