Filed 8/13/25  In re J.G. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | B333312 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JORGE G.,<br><br>        Defendant and Appellant;<br><br>J.G.,<br><br>        Minor and Respondent. | (Los Angeles County Super. Ct. No. 23CCJP02570A) |

APPEAL from orders of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Affirmed in part and dismissed in part.

Richard B. Lennon, Jennifer Peabody, and Nicole Kronberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lelah S. Forrey-Baker, under appointment by the Court of Appeal, for Respondent Minor J.G.

_____

Jorge G. (Father) appeals from orders limiting his right to make educational decisions for his daughter, J.G. (born May 2019), that the juvenile court entered after the detention hearing and at the disposition hearing. We dismiss Father's challenge to the temporary detention order as moot. Father forfeited his challenge to the order limiting his educational rights at the disposition hearing by failing to object. We affirm that order.

## PROCEDURAL BACKGROUND

In August 2023, the Los Angeles County Department of Children and Family Services (Department) filed a dependency petition under Welfare and Institutions Code section 300, subdivision (b)(1),[1] based on Father's violent conduct against J.G.'s mother (Mother) and Mother's failure to protect J.G. by allowing Father to reside in the home. The Department later alleged an additional count under subdivision (b)(1) based on the parents' failure to provide J.G. with adequate medical care.

Mother's family and work manager reported Mother frequently had bruises on her face and body, and she had admitted to her manager after failing to show up at work for an extended time period that Father hit her. Mother had moved in with the maternal grandmother after Father was arrested for

_____

[1]     Statutory references are to the Welfare and Institutions Code.

2

domestic violence, but she returned to live with him when he got out of jail. On later occasions, when Mother called the maternal grandfather to pick her up from Father's home, the grandfather witnessed Father not allowing Mother to leave. Mother's parents were concerned about Father's "controlling behavior" toward Mother.

At the detention hearing, the court detained the child, placed her with the maternal grandmother, and granted Mother and Father monitored visitation. Over Father's objection, the court also granted minor's counsel's request to temporarily limit Father's educational rights for J.G. under section 319, subdivision (j)(1), and designated the maternal grandmother as a co-holder of those rights with Mother. Father argued there was "no indication that he has been less than diligent with his child's care," but the court determined Mother and Father should not co-hold the educational rights based on the allegations of Father's control over Mother.

In November 2023, the Department submitted a proposed case plan for each parent in advance of the jurisdiction and disposition hearing. Father's plan indicated Mother and the maternal grandmother were to remain co-holders of the educational rights for the child, and that Father was to participate in a domestic violence perpetrator program, parenting classes, individual counseling, and random and on-demand drug testing.

At the jurisdiction and disposition hearing, after sustaining the domestic violence count as to both parents and dismissing the medical neglect count, the court invited the parties to provide additional evidence or argument with respect to the disposition orders. Father objected to the proposed orders for individual

3

counseling and drug testing but did not address the issue of educational rights.

The court removed J.G. from both parents, granted monitored visitation for each parent, and ordered the Department to provide reunification services for Mother and Father consistent with their proposed case plans. The court stated Mother and the maternal grandmother would continue to co-hold the educational rights. The court asked each party whether there was "anything else," and Father's counsel responded, "No."

Father appealed.[2]

## DISCUSSION

Father asserts the juvenile court erred by entering orders limiting his educational rights for J.G. at the detention and disposition hearings.[3] Father's first challenge is moot, and he forfeited the second one.

---

[2] After the Department took no position in this appeal, we appointed counsel for J.G., who submitted a respondent's brief on the child's behalf.

[3] J.G.'s counsel points out that in Father's notice of appeal from the disposition orders he did not specify that he would challenge the orders limiting his educational rights. However, Father's notice stated he would challenge "other orders" made. This was sufficient to maintain his appeal of the orders regarding his educational rights entered at the detention and disposition hearings. (See *In re M.C.* (2023) 88 Cal.App.5th 137, 148) [notice of appeal from disposition encompassed appeal of orders made at detention hearing because such orders are interlocutory and not appealable until appeal from disposition]; see also *In re Joshua S.*

4

A.   *Applicable Law*

"Parents have a constitutionally protected liberty interest in directing their children's education." (*In re R.W.* (2009) 172 Cal.App.4th 1268, 1276.)  However, during the pendency of a dependency proceeding, juvenile courts have authority to limit parents' rights to make educational decisions for their children. (§§ 319, subd. (j)(1), 361, subd. (a)(1).)

Section 319 provides that in the period before the court makes disposition orders, the juvenile court may "temporarily limit" the educational rights of a parent who is "unavailable, unable, or unwilling" to exercise those rights for the child.  (§ 319, subd. (j)(1)(A).)  An order temporarily limiting a parent's educational rights under section 319 expires at the conclusion of the disposition hearing or upon dismissal of the petition.  (*Id.*, subd. (j)(4); Cal. Rules of Court, rule 5.649(b).)[4]

"If the court does temporarily limit the rights of a parent . . . to make educational or developmental-services decisions, the court must, at the dispositional hearing, reconsider the need to limit those rights."  (Rule 5.649(b); see rule 5.695(b)(3) [if child is declared a dependent, "[t]he court must consider whether it is necessary to limit the rights of the parent or guardian to make educational or developmental-services decisions for the child"].)  If additional limitation on a parent's educational rights is needed after the court has adjudged the child a dependent and entered disposition orders, it "shall be addressed pursuant to [s]ection 361."  (§ 319, subd. (j)(4); § 361, subd. (a)(1).)

---

(2007) 41 Cal.4th 261, 272 [notices of appeal are liberally construed].)

[4]     References to rules are to the California Rules of Court.

5

Section 361 governs the limitation of a parent's educational rights at the disposition hearing or thereafter. The pre-disposition restriction under section 319 that a parent's educational rights may be temporarily limited only if the parent is "unavailable, unable, or unwilling" to exercise those rights for the child (§ 319, subd. (j)(1)(A)) does not apply to the limitation of educational rights under section 361. Instead, under section 361, once a court has declared a child a dependent of the court, the only restriction on the court's authority to limit a parent's educational rights is that any such limitation "may not exceed those necessary to protect the child." (§ 361, subd. (a)(1); see *In re R.W.*, *supra*, 172 Cal.App.4th at p. 1276.) If the court limits the parent's educational rights at the disposition hearing, the court must explain to the parent why it is doing so. (Rule 5.651(b)(2)(H)(ii).)[5]

We review an order limiting a parent's educational rights for abuse of discretion, "bearing in mind '[t]he focus of dependency proceedings is on the child, not the parent.'" (*In re R.W.*, *supra*, 172 Cal.App.4th at p. 1277; accord, *In re D.C.* (2015) 243 Cal.App.4th 41, 58.)

B.  *Father's Challenge to the Detention Order Temporarily Limiting His Educational Rights Under Section 319 Is Moot*

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and

---

[5]  If a court limits a parent's educational rights at any point, it must specify the limitations using form JV-535 and appoint a responsible adult to make educational decisions for the child. (§§ 319, subd. (j)(1)-(3), 361, subd. (a)(1), (4); rules 5.649, 5.650(a).)

not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276; see *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of [the appellant], to grant him any effect[ive] relief." ' " (*In re D.P.*, at p. 276.) Relief is "effective" where a party complains of "ongoing harm" that is "redressable or capable of being rectified by the outcome the [party] seeks." (*Ibid.*; see *In re I.A.*, at p. 1490 [effective relief is that which provides "the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status"].) "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*In re D.P.*, at p. 276.)

Father challenges the detention order limiting his educational rights under section 319, arguing there is not substantial evidence showing he was unavailable, unable, or unwilling to exercise those rights. This challenge, however, is moot because the order made at the detention hearing was temporary and expired at the conclusion of the disposition hearing. (§ 319, subd. (j)(4).) Once the court declared J.G. a dependent child, the order under section 319 was no longer in effect, nor was it causing ongoing, redressable harm. Moreover, even if we reversed the detention order, the disposition order limiting his educational rights under section 361 (which did not require the court to find Father was unavailable, unable, or unwilling to exercise his educational rights) would govern. Thus,

7

we cannot provide Father any effective relief on this challenge to the educational rights order made at the detention hearing. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 283 [case is moot when there is no "specific legal or practical consequence that will be averted upon reversal"]; *In re Julien H.* (2016) 3 Cal.App.5th 1084, 1088, fn. 7 [father's challenge to pre-detention and detention orders was moot because orders were superseded by disposition orders].)

C.     *Father Forfeited His Challenge to the Disposition Order Limiting His Educational Rights Under Section 361*

Father argues the juvenile court abused its discretion by limiting his educational rights at disposition without reassessing the need for such and without stating its reasoning. Minor's counsel contends Father forfeited this challenge by failing to object to the disposition order. We agree and decline to consider Father's arguments.

Reviewing courts "ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293; see *In re Malick T.* (2022) 73 Cal.App.5th 1109, 1127.) This forfeiture rule is meant to "encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*S.B.*, at p. 1293.) The rule applies in dependency cases, and "the failure to object to a disposition order on a specific ground generally forfeits a parent's right to pursue that issue on appeal." (*In re Anthony Q.* (2016) 5 Cal.App.5th 336, 345.) Although application of the forfeiture rule is not automatic, a reviewing court should exercise its discretion to excuse forfeiture "rarely and only in cases presenting an important legal issue." (*S.B.*, at p. 1293; see *Anthony Q.*, at p. 345 ["Although the forfeiture doctrine applies in

8

dependency cases . . . [citations], when the appeal involves an important and purely legal issue subject to our independent review . . . , we have discretion to entertain the challenge to the juvenile court's order notwithstanding the parent's failure to object on that basis in the juvenile court."].)

Father concedes he did not object at the disposition hearing to the limitation on his educational rights but argues the court never provided an opportunity for him to do so. The record does not support this argument.

Before the disposition hearing, the Department submitted a proposed case plan for Father that listed Mother and the maternal grandmother as the co-holders of the educational rights for J.G. Father did not object to this limitation on his rights at the hearing. He objected only to the Department's recommendations that he participate in individual counseling and drug testing. Further, after the court announced the disposition orders and indicated Mother and the maternal grandmother would continue to co-hold the educational rights, the court asked Father's counsel if he had "anything else." Counsel responded, "No." The court provided Father ample opportunity to object to the limitation on his educational rights, but he did not do so.

Nor did Father's objection at the detention hearing to the limitation on his educational rights under section 319 preserve his objection to the later limitation of his educational rights under section 361. As discussed, a different, broader standard applies to the restriction of a parent's educational rights once a child has been declared a dependent child. (Compare § 319, subd. (j)(1)(A) [limitation permissible if parent is "unavailable, unable, or unwilling" to exercise educational rights] with § 361,

9

subd. (a)(1) [limitation must be "necessary to protect the child"].)[6] Father forfeited his challenge to the limitation of his educational rights under section 361.[7]

---

[6] If we were to consider Father's argument on the merits, we would conclude the dependency court did not err in impliedly finding at disposition that limiting Father's educational rights was "necessary to protect the child." (§ 361, subd. (a)(1).) Father's controlling behavior and violence toward Mother was at the heart of the case. The court reasonably could conclude that it would be detrimental for J.G. if Father co-held the educational rights with Mother, because Father could manipulate this right to exert control over Mother. Although the juvenile court did not state its reason for limiting Father's educational rights at the disposition hearing as required by rule 5.651(b)(2)(H)(ii), that error was harmless, particularly given the court had previously articulated its concern over the couple's power dynamic as the reason for limiting Father's educational rights at the detention hearing.

[7] Father does not argue that we should exercise our discretion to excuse his forfeiture. He also fails to provide any authority or reasoned argument for his suggestion in his reply brief that the forfeiture doctrine does not apply here because the court was acting in excess of its jurisdiction in limiting his educational rights under section 361. (See *Sandhu v. Board of Administration etc.* (2025) 108 Cal.App.5th 1048, 1080 [" 'A court need not consider an issue where reasoned, substantial argument and citation to supporting authorities are lacking.' "].) Father does not contend any other exception to forfeiture applies here.

## DISPOSITION

We dismiss Father's appeal of the detention order and affirm the disposition order.

STONE, J.

We concur:

MARTINEZ, P. J.

FEUER, J.