Filed 9/12/25  In re K.H. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re K.H., <br><br> A Person Coming Under the Juvenile Court Law, <br> _____ <br><br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent <br><br> v. <br><br> A.S., <br><br> Defendant and Appellant. | B342731 <br><br> (Los Angeles County Super. Ct. No. 21CCJP00465B) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Davis, Judge.  Dismissed.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey F. Dodds, Deputy County Counsel, for Plaintiff and Respondent.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant

\* \* \* \* \* \*

In this second appeal in this ongoing juvenile dependency case, Andrea S. (mother) challenges the juvenile court's decision not to place her son K.H. (born February 2023) back in her custody at the six-month status review hearing.

The juvenile court exerted dependency jurisdiction over K.H. in May 2024 after finding K.H. was at serious risk of harm because mother (1) allowed drugs and drug paraphernalia to be within K.H.'s reach and allowed K.H. to ingest fentanyl, and (2) was a "current abuser of cocaine." The court also removed K.H. from mother's custody and ordered reunification services for mother. We affirmed the juvenile court's jurisdictional and dispositional orders in an unpublished opinion issued on April 16, 2025. (*In re K.H.* (Apr. 16, 2025, B338492) [nonpub. opn.].)

At the six-month review hearing held on December 4, 2024, the juvenile court continued the reunification services and declined to return K.H. to mother's custody.

Mother appealed the juvenile court's order declining to return K.H. to her custody.

While this appeal was pending, the juvenile court on April 21, 2025, issued an order placing K.H. in mother's custody.

2

In light of the juvenile court's order returning K.H. to mother's custody, this appeal—which solely contests the juvenile court's refusal to return K.H. to mother's custody—is now moot because we can no longer grant mother any effective relief. (*In re Jayden A.* (2025) 111 Cal.App.5th 1334, 1347; accord, *In re Julien H.* (2016) 3 Cal.App.5th 1084, 1088, fn. 7; see generally *In re D.P.* (2023) 14 Cal.5th 266, 276.)

There is no request to decide the moot issue and the appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)