Filed 6/2/26  In re S.A. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re S.A. et al., Persons Coming Under the Juvenile Court Law. | B346653 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.C.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 25CCJP00090A-C) |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Dismissed.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Jacklyn K. Louie, Assistant County Counsel, for Plaintiff and Respondent.

J.C. (mother) appeals from the juvenile court's April 2, 2025 disposition orders declaring her three children (minors) dependents and removing them from parental custody. Mother's sole contention on appeal is that the court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Cal-ICWA, Welf. & Inst. Code, § 224 et seq.).[1] We dismiss mother's appeal as moot.

## BACKGROUND[2]

### *Dependency Case*

The Los Angeles County Department of Children and Family Services (Department) filed a petition under section 300, as to three of mother's children, then aged five, four, and two years old.[3] Mother and father were asked about possible Indian ancestry, and both either denied or gave no reason to believe the children had any Indian ancestry. The Department's jurisdiction

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Because mother's only argument on appeal concerns the Department's and the juvenile court's ICWA compliance, we limit our discussion to facts concerning ICWA inquiry.

[3] The children and their father are not parties to the current appeal.

and disposition report summarized its efforts to ask various family members and non-related individuals about possible Indian ancestry, and with only one exception, all the individuals questioned denied any knowledge of Indian ancestry. Only maternal aunt, T.K., mentioned the possibility of any Indian ancestry, stating that the mother of her maternal grandfather (maternal great-great-grandmother to the children) was of Navajo ancestry, and "that the mother's father has Sioux Indian ancestry." T.K. stated she believed the maternal great-great-grandmother lived on the reservation, but she had no other information about maternal great-great-grandmother. T.K. denied that any other family members were registered with a tribe.

At a hearing on April 2, 2025, the juvenile court sustained a first amended petition, declaring the children dependents under section 300, subdivisions (a), (b), and (j). The court ordered the children removed from parental custody and ordered the Department to provide reunification services. Mother filed a timely notice of appeal on June 2, 2025.

### *Post-Appeal Proceedings*

On April 20, 2026, this court invited the parties to file letter briefs addressing whether mother's appeal was moot based on the Department's "affirmative and continuing" duty of ICWA inquiry. (§ 224.2, subd. (a).)

In response, the Department filed a request asking this court to take judicial notice of two documents from the underlying dependency case, both of which were filed after mother took her appeal. We grant the Department's request for judicial notice. According to the Department's twelve-month

3

status review report, on March 12, 2026, a social worker "submitted inquiries to Sioux and Navajo Tribes" and the Department would provide "an update once receipt is received." According to the minute order from the twelve-month review hearing on April 3, 2026, the juvenile court ordered the Department to provide an update on its ICWA investigation, including providing a chart.

## DISCUSSION

Mother contends on appeal that the Department's failure to document any effort to contact the Navajo or Sioux tribes, the Bureau of Indian Affairs, or the Department of the Interior demonstrates that it failed to comply with its duty of further inquiry under Cal-ICWA. Mother's letter brief, filed in response to our invitation for the parties to address the question of mootness, argues that a remand with directions will encourage prompt, complete compliance with ICWA early in the proceedings, and that because such direction is necessary to ensure the Department sends required inquiry letters to the named tribes and to the Bureau of Indian Affairs without delay, her appeal is not moot. Mother has not asked us to exercise our discretion to decide the moot issue, much less provided any basis for doing so.

The Department's initial letter brief, filed in lieu of a respondent's brief, conceded that the record was silent as to any further inquiry into maternal aunt's claim of possible Indian ancestry through the Sioux or Navajo tribes. The Department conceded that its further inquiry was inadequate and did not oppose a remand to the juvenile court for further inquiry. Its

4

later letter brief, filed at our invitation, agreed that mother's appeal was moot because there is no relief that this court can provide and asked us to dismiss mother's appeal as moot. Minor's counsel also filed a letter brief joining in the Department's request for judicial notice, and arguing that because there is no other effective relief this court can provide beyond what the juvenile court has already done, mother's appeal is moot.

Contrary to mother's argument, a remand with directions would not ensure prompt compliance, as compliance efforts are already underway: the Department and the court are already taking additional steps to comply with their continuing inquiry obligations. (See *In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638–639 [declining to "conditionally affirm the jurisdiction and disposition orders or remand the matter with directions"; *In re S.H.* (2022) 82 Cal.App.5th 166, 179 ["So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both [the Department] and the juvenile court have an adequate opportunity to fulfill those statutory duties"].) We therefore dismiss mother's appeal as moot.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


                                        MOOR, J.
I CONCUR:


BAKER, J.

*Department of Children and Family Services v. J.C.*, B346653

HOFFSTADT, P. J., Dissenting.

I would not dismiss this appeal as moot because, in my view, not all challenges under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224 et seq.) are moot merely because proceedings are ongoing (under *In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638-639). Instead, I would affirm the juvenile court's dispositional order but vacate the court's express finding that ICWA does not apply and remand with instructions for the Los Angeles Department of Children and Family Services (the Department) to continue to comply with its ICWA duties. (*In re Dominick D.* (2022) 82 Cal.App.5th 560, 563-564.) Although the Department has already conducted additional inquiry and the juvenile court has asked the Department for "updates" regarding this additional inquiry, the juvenile court has yet to revisit or vacate its earlier order regarding ICWA compliance. (Cf. *In re Julien H.* (2016) 3 Cal.App.5th 1084, 1088, fn. 7 [challenge to superseded order on the same topic is moot].) Because that earlier order is still intact and, in my view, not supported by substantial evidence, I would hold that it must be vacated.

, P. J.

HOFFSTADT